IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIO ALBERTO LOPEZ GARZA, the Executor of the Estate of Hans Jorg Schneider Sauter,<br><br>   Plaintiff,<br><br>v.<br><br>CITIGROUP, INC.,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civ. No. 15-537-SLR<br>)<br>)<br>)<br>) |

**MEMORANDUM**

At Wilmington this 4th day of January, 2016, having reviewed the motion for certification and for stay filed by defendant Citigroup, Inc. ("Citigroup"), and the response thereto filed by plaintiff Mario Alberto Lopex Garza ("Garza"); the motion will be granted consistent with the reasoning that follows:

1. **Background.** In my November 13, 2015 memorandum opinion (D.I. 16), I granted Citigroup's motion for costs and a stay pursuant to Fed. R. Civ. P. 41(d), but concluded that the term "costs" should not be interpreted to include attorney fees. Citigroup now moves to certify, pursuant to 28 U.S.C. § 1292(b), the question of whether the costs recoverable under Rule 41(b) includes such fees.

2. **Standard of review.** A non-final order may be certified for interlocutory appeal if the district court determines that the order (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its

correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *See also Chase Bank USA, N.A. v. Hess,* 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011).

3. **Analysis.** I agree with Citigroup that certification is appropriate, consistent with the prerequisites of § 1292(b). In the first instance, the scope of recoverable "costs" under § 1292(b) is a question of law which has not been resolved by the Third Circuit and over which there is substantial debate, as noted in the November 13, 2015 memorandum opinion. (D.I. 16 at 10) With respect to the remaining considerations, I recognize that the central purpose of Rule 41(b) is to deter parties from wasting judicial resources and imposing unnecessary costs on defendants by bringing multiple actions based on the same underlying claim. Whether the above captioned litigation goes forward at all depends on plaintiff's ability to pay the costs associated with the earlier dismissed case; it goes to reason that the higher the costs, the greater the obstacle to plaintiff's pursuit of his goals through litigation. It, therefore, is reasonable to characterize the question of what costs are recoverable under Rule 41(b) as one that is "serious to the conduct of the litigation"[1] and which may "materially advance the ultimate termination of the litigation."[2]

4. **Conclusion.** For the reasons stated above, the motion for certification is granted, as is Citigroup's request for a continuance of the stay, given that the legal question to be certified concerns the very terms by which the current stay should be

---

[1] *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974).

[2] *See Apeldyn Corp. v. Samsung Elecs. Co., Ltd.*, 693 F. Supp. 2d 399, 407 (D. Del. 2010).

lifted and plaintiff permitted to proceed with the instant litigation.  An order shall issue.

_____
United States District Judge