IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIO ALBERTO LOPEZ GARZA, THE EXECUTOR OF THE ESTATE OF HANS JORG SCHNEIDER SAUTER, )<br>)<br>)<br>) |  |
| Plaintiff, ) |  |
| )<br>v. ) | Civ. No. 15-537-SLR |
| )<br>CITIGROUP INC., )<br>) |  |
| Defendant. ) |  |

**MEMORANDUM**

At Wilmington this 9th day of December, 2016, having reviewed plaintiff's motion for reconsideration of the court's entry of judgment in favor of defendant, as well as the papers submitted in connection therewith,[1] the court denies the motion (D.I. 60) for the reasons that follow:

1. **Standard of review.** As related in D. Del. LR 7.5.1(a), "[m]otions for reargument[2] shall be sparingly granted." A motion for reargument is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See *Jones v. Pittsburgh Nat'l Corp.,* 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 348 (3d Cir. 1986)). The

---

[1] The court notes that D. Del. LR 7.1.5(a) does not contemplate a reply being filed by the movant in response to the opposition and, therefore, the court does not rely on plaintiff's reply. (D.I. 64)

[2] Also called motions for reconsideration.

standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reargument is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) an intervening change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* It goes without saying, therefore, that a motion for reargument or to alter or amend judgment that advances the same arguments already thought through and rejected by the court - rightly or wrongly - should be denied. *See, e.g., Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010); *Savage v. Bonavitacola*, 2005 WL 730679 (E.D. Pa. Mar. 29, 2005), at *1 (citing *Glendon Energy Co. v. Boroough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

2. **Analysis.** Plaintiff at bar asserts two grounds for his motion: (1) the court erred by dismissing with prejudice, rather than granting plaintiff an opportunity to amend; and (2) the court erred by not "fully" considering the impact of the North American Free Trade Agreement ("NAFTA") on this lawsuit. With respect to the first ground, the court noted in its opinion that leave to amend should be freely given unless it would be futile to do so. (D.I. 58 at 10, *citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). The court found that amendment would be futile under the circumstances of record, that is, plaintiff could not establish the requisite relationship between the Estate

and defendant that would support an imposition of a duty to account on defendant. The court declines to reconsider its decision in this regard.

3. With respect to NAFTA, the court notes that plaintiff failed to raise NAFTA as a possible source of the requisite relationship until oral argument, and then NAFTA was only briefly mentioned. (D.I. 57 at 23:21-24; 25:4-9) The fact that defendant's indirect subsidiary operates in Mexico subject to NAFTA is not dispositive of the issue at bar, and plaintiff never explained how a treaty (NAFTA) that provides no private cause of action vitiates the corporate form and the state law related thereto. See 19 U.S.C. §§ 3312(b)(2) and 3312(c) (2012). The court declines to reconsider its decision[3] on this basis.

4. Finally, plaintiff has failed to demonstrate that reconsideration should be granted to prevent manifest injustice. Plaintiff is a party to probate (*amparo*) proceedings in Mexico. The fact that plaintiff would rather pursue his claims in the United States does not justify his conflating defendant with its indirect subsidiary in Mexico, absent a legal basis to do so. Plaintiff has presented none that are legally cognizable.

5. **Conclusion.** For the reasons stated, plaintiff's motion for reargument (D.I. 60) is denied. An appropriate order shall issue.

                                                                                            */s/ Sue L. Robinson*
                                                                                           United States District Judge

---

[3] See D.I. 58 at 7 n.8.